```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :
              v.                             :    ORDER
                                             :    15-CR-55 (WFK)
MIRIAM WILENSKY,                             :
                                             :
                       Defendant.            :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 20, 2015, Miriam Wilensky ("Defendant") waived indictment and pleaded guilty to an Information charging her with two counts of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349. The Court now sentences her and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is sentenced to two years of probation with special conditions and must comply with any relevant orders of restitution and forfeiture.

## BACKGROUND

On February 20, 2015, Defendant waived indictment and pleaded guilty to an Information charging her with two counts of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 in a proceeding before Magistrate Judge James Orenstein. *See* ECF No. 18. On April 22, 2015, District Judge Roslynn R. Mauskopf accepted Defendant's guilty plea. *See* ECF No. 23. The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.    Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district

court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The History and Characteristics of the Defendant and the Nature and Circumstances of the Offense

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### 1. Family and Personal Background

Defendant was born on May 11, 1978 in Nazareth, Israel, to Igor and Ludmila Wilensky. *See* Presentence Investigation Report ("PSR") ¶ 87, ECF No. 58. Defendant and her family immigrated from Israel to Brooklyn, New York in approximately 1984. *Id.* ¶ 89. Defendant reported a happy childhood as well as a close relationship with both of her parents and her sister. *Id.* ¶¶ 87–88.

Defendant married Alexander Bronfman on June 24, 2000 and has two children. *Id.* ¶¶ 90–91. Defendant's parents, sister, spouse, and children are all aware of her conviction and remain supportive of her. *Id.* ¶¶ 87–88, 90–91; Def. Mem. in Aid of Sentencing at 9–10, ECF No. 67 ("Def. Mem.").

2. Educational and Employment History

Defendant graduated from Be'er Hagolah Institute in Brooklyn in 1995. PSR ¶ 100. In 2002, Defendant received a joint bachelor's degree in Health Sciences and master's degree in Occupational Therapy from Long Island University in Brookdale New York. *Id.* ¶ 99. Defendant has a professional counselor license. *Id.*

From 2002 to March 15, 2020, Defendant was a self-employed occupational therapist. *Id.* ¶ 103; ECF No. 63 ("PSR Addendum"). From 2012 to March 15, 2020, Defendant worked as an occupational therapist at Bainbridge Adult Day Health Center in Brooklyn, New York. PSR ¶ 104; PSR Addendum.

3. Medical and Mental Health

Defendant reported suffering from colitis, a condition for which she occasionally takes prescription medication. PSR ¶ 95. Defendant reported no past or current mental health issues. *Id.* ¶ 96.

4. Nature and Circumstances of the Offense

Defendant pleaded guilty to two counts of Conspiracy to Commit Health Care Fraud. While employed as an occupational therapist at Prime Care on the Bay, LLC and Bensonhurst Mega Medical Care P.C. between February 2008 and February 2011, Defendant conspired with others to defraud Medicare and Medicaid. *Id.* ¶ 56. Defendant fraudulently signed superbills and patient charts certifying that she performed medically necessary services when she knew that

most of the services were not necessary, and that some of the services were either not rendered or were rendered by unlicensed aides. *Id.* Defendant participated in a similar scheme while employed as an occupational therapist at Total Rehab and Physical Therapy PC between March 2009 and November 2011. *Id.* ¶ 57.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The instant sentence recognizes the seriousness of the Defendant's offense, which involved fraud conspiracies resulting in a loss of more than four million dollars directly attributable to Defendant. The Court's sentencing will deter others from engaging in similar acts and justly punishes Defendant for her offense.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to two counts of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349. For this offense, Defendant faces a maximum term of imprisonment of 10 years, pursuant to 18 U.S.C. § 1347. Defendant also faces a maximum term of supervised release of three years pursuant to 18 U.S.C. §§ 1347, 1349. A term of not less than one nor more than five years of probation is also available, because the offenses in the instant

case constitute Class C Felonies. 18 U.S.C. § 3561(c)(1). If probation is imposed, a fine, restitution, or community service must also be imposed as a condition of probation unless the Court finds that extraordinary circumstances exist that would make such a condition plainly unreasonable. 18 U.S.C. §§ 3563(a)(2), 3563(b)(2), 3563(b)(12).

Defendant also faces a maximum fine of $250,000.00 for each count under 18 U.S.C. § 3571(b), as well as a forfeiture requirement in the amount of $198,740.00 under 18 U.S.C. § 982(a)(7). *See* ECF No. 61.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

According to USSG § 1B1.11, the Court must use the Guidelines Manual in effect on the date the defendant is sentenced. However, "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." USSG § 1B1.11(b)(1). "A retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." *Peugh v. United States*, 569 U.S. 530, 544 (2013).

In this case, the 2021 Guidelines Manual applies a 2-level enhancement "[i]f [] the defendant was convicted of a Federal health care offense involving a Government health care program; and [] the loss under subsection (b)(1) to the Government health care program was []

more than $1,000,000." 2021 USSG § 2B1.1(7). This enhancement is not present in the 2010 Guidelines Manual, Therefore, the offense level in this case should be calculated using the 2010 Guidelines Manual, the Guidelines Manual in effect on the date the offense of conviction was committed.

The applicable guideline for 18 U.S.C. § 1349 offenses is USSG § 2B1.1. Counts 1 and 2 are grouped together pursuant to USSG § 3D1.2(d) because the offense level is determined largely on the basis of the total amount of harm or loss. For offenses with a statutory maximum term of imprisonment below 20 years, this section provides a base offense level of 6. *See* USSG § 2B1.1(a). Defendant billed Medicare and Medicaid for a total of $4,363,851.47 ($4,284,575.51 and $79,275.96), which results in an 18-level increase pursuant to USSG § 2B1.1(b)(1)(J). Because Defendant abused a position of trust as a physical therapist in order to facilitate the commission or concealment of the offense, a 2-level increase is warranted pursuant to USSG § 3B1.3. *See also* PSR ¶ 59. As Defendant has clearly demonstrated acceptance of responsibility for her offense, a 2-level reduction is warranted per USSG § 3E1.1(a). Because Defendant timely notified the Government of her intent to plead guilty, an additional 1-level reduction is warranted per USSG § 3E1.1(b). Accordingly, Defendant's adjusted offense level is 23.

Defendant has no criminal history, which results in a criminal history score of 0 and a criminal history category of I. For an offense level of 23 and a criminal history category of I, the Sentencing Guidelines suggest a term of 46 months to 57 months of incarceration. *See* USSG Ch. 5, Pt. A.

Probation recommends a sentence of two years of probation with special conditions, as well as orders of restitution and forfeiture money judgment. Probation Mem. at 2, ECF No. 58-

1. The Government moved to recommend the Court, in its discretion, depart from the applicable Guidelines range when sentencing Defendant. Gov't Mem. at 4–5, ECF No. 68. Defendant did not request a specific sentence but asked for "the most lenient sentence possible," highlighting Defendant's remorse, status as a non-violent first-time offender, substantial cooperation with the Government, and role as a devoted member of her family and community. Def. Mem. at 2, 7–12.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), does not apply here.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Defendant is required to pay restitution under 18 U.S.C. § 3663A in this case. On Count One of the Information, the victims, Medicare and Medicaid, suffered losses of $612,196.45 and $3,672,379.06, respectively. On Count Two of the Information, Medicare and Medicaid suffered losses of $2,610.30 and $76,665.66, respectively. PSR ¶ 51.

## CONCLUSION

The Court finds that a sentence of two years of probation is appropriate. Additionally, the Court imposes the special conditions of probation proposed by the Probation Department. The Court also imposes the mandatory restitution in this case in the amount of $4,363,851.47, set forth in detail by a separate Order of Restitution. This sentence is consistent with and is sufficient but not greater than necessary to accomplish the purposes of § 3553. The Court also expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2022
Brooklyn, New York